**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ALVARADO HERNANDEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-71195 Agency No. A200-691-440 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2019[**]
Pasadena, California

Before: CALLAHAN, OWENS, and R. NELSON, Circuit Judges.

Juan Alvarado Hernandez, a native and citizen of Guatemala, seeks review

of the Board of Immigration Appeals' (BIA) final removal order, dismissing his

appeal from the immigration judge's (IJ) decision denying him asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. The BIA did not err in determining that Alvarado is ineligible for withholding of removal. Substantial evidence supports the BIA's conclusion that Alvarado failed to meet his burden of showing a clear probability of future persecution. *See* 8 C.F.R. § 1208.16(b)(2); *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Though the IJ found that Alvarado testified credibly, his testimony alone, which did not include specific facts showing a clear probability of future persecution, is not enough to compel a different result. *See Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998). Specifically, Alvarado's belief that five men (one Guatemalan police officer and four businessmen) threatened and murdered his family members is not supported by objective evidence. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Additionally, Alvarado's claim is undercut by one of his sisters' continued safety in Guatemala.[2] *See Tamang*, 598

---

[1]     This court's review is limited to Alvarado's claims for withholding and CAT relief because Alvarado has waived review of his asylum claim by failing to challenge the BIA's conclusion that he is ineligible for asylum under the one-year filing deadline. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

[2]     Alvarado argues the BIA misinterpreted his testimony regarding the location of four of his five sisters. However, regardless of where his four other sisters live, Alvarado's testimony that one of his sisters still lives in Guatemala and has not been harmed supports the BIA's conclusion, especially considering that sister—as Alvarado's relative who operates the family's last existing minimarket in Puerto San Jose—is the sister most similarly situated to Alvarado, who operated

2

F.3d at 1094.

2. The BIA also did not err in rejecting Alvarado's alternate argument that he would be persecuted on account of being a Guatemalan who believes in justice and the rule of law. Because Alvarado attempted to advance an entirely new argument in support of withholding for the first time on appeal to the BIA, the BIA properly concluded that it was inappropriate to consider it. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

3. Finally, substantial evidence supports the BIA's conclusion that Alvarado is ineligible for CAT protection. While Alvarado testified that one of the five men who murdered his family members was a member of the Guatemalan national police, he did not present any evidence that the police officer would torture him or acquiesce in such torture. Thus, he failed to establish that it is "more likely than not" that he would be tortured by—or with the consent or acquiescence of—Guatemalan government officials. 8 C.F.R. § 1208.16(c)(2); *see id.* § 1208.18(a)(1).

**PETITION FOR REVIEW DENIED.**

---

a minimarket in Puerto San Jose before leaving for the United States. *See Tamang*, 598 F.3d at 1094.